FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION        04 JUL 26 PM 2: 30

U.S. DISTRICT COURT
N.D. OF ALABAMA

ALPHONSO CRAIG,                    }
                                   }
        Plaintiff,                 }
                                   }        CIVIL ACTION NO.
v.                                 }        03-AR-1047-M
                                   }
UNUM LIFE INSURANCE COMPANY        }
OF AMERICA,                        }
                                   }
        Defendant.                 }

ENTERED
JUL 26 2004

## MEMORANDUM OPINION

The court has for consideration the motion of defendant, UNUM
Life Insurance Company of America ("UNUM"), to dismiss Count II of
the second amended complaint of plaintiff, Alphonso Craig
("Craig"), and to strike the allegations added by Craig to Count I
in his second amended complaint.

Count II complains that UNUM failed to provide a full and fair
review of Craig's claim for long-term disability benefits.  After
receiving UNUM's motion to dismiss, Craig filed a notice of
dismissal of Count II without prejudice, to which UNUM has not
reacted.  The court treats the notice of dismissal as a motion,
because a voluntary dismissal without prejudice cannot be
accomplished under these procedural circumstances.   UNUM's
previously filed motion to dismiss with prejudice is well taken and
will be granted, but this does not mean that the "fullness and
fairness" of the review procedure will not become relevant as the
court proceeds to decide the merits of the controversy.



The addendum to Count I about which UNUM complains contains a claim of anticipatory repudiation and a claim of bad faith. The bad faith claim is not viable as a basis for obtaining extracontractual damages. It will not be considered unless and until Craig has prevailed on the merits, at which time the quality of UNUM's performance as a claims decider may become relevant in determining Craig's entitlement to an attorney's fee and, if so, in what amount. Evidence bearing on this issue will not be allowed at a trial on the merits.

Craig's anticipatory repudiation theory is novel, but not one that this court is prepared to embrace. Craig suggests that a present award of future benefits is permissible because such an award is *ex contractu* and not a forbidden request for extracontractual relief. In *Massachusetts Mutual Life Insurance Co. v. Russell,* 473 U.S. 134 (1985), the Supreme Court said: "[T]here is a stark absence--in [ERISA] itself and in its legislative history--of any reference to an intention to authorize the recovery of extracontractual damages." *Id.,* at 148. In *Moore v. American Federation of Television and Radio Artists*, 216 F.3d 1236, 1244 n.16 (11th Cir. 2000), the Eleventh Circuit found *Russell* to preclude extracontractual damages in ERISA § 502 lawsuits. In *Gilbert v. Alta Health and Insurance Co.*, 276 F.3d 1292, 1296 (11th Cir. 2001), the Eleventh Circuit expanded on this theme, characterizing Alabama's tort of bad faith refusal to pay

2

insurance benefits as one for punitive damages that are extracontractual and thus not allowed by ERISA. Craig admits that ERISA prohibits extracontractual relief, but argues that because ERISA does allow relief based on the contract or plan, a claim for anticipatory repudiation is allowed.

Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), provides that "a participant or beneficiary" may bring a civil action "to **recover** benefits **due** to him ... or to **clarify** his **rights to future benefits** under the terms of the plan."    29 U.S.C. § 1132(a)(1)(B) (emphasis supplied). Future benefits are not currently "due."    Thus, as this court sees it, they are not recoverable under the first part of §502(a). Similarly, a judgment for future benefits does more than "clarify" rights to future benefits.   What Craig understandably wants to avoid is having to relitigate a future benefit denial, but courts that have addressed the problem have not gone so far as to discount future benefits to their present value and to enter a final money judgment thereon.

The Eleventh Circuit has not spoken on the issue, but other courts have rejected the entry of judgment for future benefits not yet accrued. *See Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 620 (6th Cir.1998) (finding that an award of interest calculated on the present value of future benefits would overcompensate the plaintiff because the plaintiff was not yet entitled to the benefit); *Wade v. Life Ins. Co. N. Am.*, 245 F.Supp.2d 182 (D.Me.2003) (holding that

3

even if ERISA plan participants were eligible for long-term disability (LTD) benefits under plan, he was not entitled to relief in form of present value of all future benefits due under LTD plan; award of future benefits was not authorized by ERISA, and participant's eligibility for future benefits was subject to change). Given that the circumstances affecting a claimant's eligibility for benefits may change, the plan administrator, depending upon the plan language, retains some authority to evaluate continuing eligibility. *See, e.g., Welsh v. Burlington N., Employee Benefits Plan*, 54 F.3d 1331, 1340 (8th Cir.1995) (affirming the district court's declaration that plaintiff "is entitled to disability benefits in the future for as long as he is disabled," but noting that "nothing prevents the health insurance plan from evaluating whether [plaintiff] continues to be disabled in the future"); *Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685, 697 (7th Cir.1992) (finding that it was not an abuse of discretion to order reinstatement of plaintiff's benefits, but noting that the plan administrator "remains free in the future to initiate further review of [plaintiff's] continuing eligibility for long-term disability benefits").

Consistent with this reasoning, this court in *Walker v. Provident*, 00-AR-2253-S (N.D. Ala. 2003), ordered an ERISA insurer "to pay plaintiff future benefits until such time as plaintiff no longer qualifies for those benefits." Likewise, Judge DeMent of

4

the Middle District of Alabama has held:

> While the court agrees with Paul Revere that extracontractual damages, such as compensatory and punitive damages, cannot be recovered under ERISA, the court disagrees with Paul Revere's characterization of Plaintiff's requested relief. That is, the court interprets Plaintiff's demand as a request "to clarify his rights to future benefits" under the policy, which is a remedy expressly available under ERISA. 29 U.S.C. § 1132(a)(1)(B). Plaintiff is simply requesting a legal ruling to ensure that his policy conforms with the representations embodied in the Baum Memorandum concerning the scope of the amendment. **Contrary to Paul Revere's assertion, plaintiff is not seeking an unconditional clarification from the court that Plaintiff is now and forever more entitled to benefits under the policy.** In fact, Plaintiff agrees with Paul Revere that future coverage is not automatic but rather is contingent upon Plaintiff qualifying for coverage under the terms of the policy.

(emphasis supplied).

*Engelhardt v. Paul Revere Life Ins. Co.*, 77 F.Supp.2d 1226, 1235 (M.D.Ala.1999).

Craig asks this court to take with him what he argues is a logical step forward based on the law of contracts and § 502. This court respectfully declines the opportunity to be the first to accept Craig's theory. This does not mean, of course, that the court will not order the payment of future benefits as they accrue if such benefits are being wrongfully withheld.

DONE this _____26ᵗʰ_____ day of July, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE